**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CALIXTO SEGURA-MENDOZA, | No. 13-70155 |
| Petitioner, | Agency No. A095-738-786 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Calixto Segura-Mendoza, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, petitioner's request for oral argument, made in his opening brief, is denied.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We deny the petition for review.

Segura-Mendoza has not challenged the agency's dispositive determination that his asylum claim is time-barred. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues which are not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to Segura-Mendoza's asylum claim.

Substantial evidence supports the BIA's finding that Segura-Mendoza's experiences with FMLN members and gang members in El Salvador did not rise to the level of past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (record did not compel finding threats against petitioner, including death threats, constituted past persecution). Substantial evidence also supports the BIA's determination that Segura-Mendoza failed to establish it is more likely than not that he would be persecuted if returned to El Salvador. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003) (to qualify for withholding of removal, petitioner must show that it is more probable than not that he would suffer future persecution). Thus, Segura-Mendoza's withholding of removal claim fails.

13-70155

Finally, substantial evidence supports the BIA's denial of CAT relief because Segura-Mendoza failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**